

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-6-2009

# Dong v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2130

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Dong v. Atty Gen USA" (2009). *2009 Decisions.* Paper 2076.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2076

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-2130

———————

XIU FANG DONG,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES,
Respondent

———————

On Petition for Review of a Decision and Order of the
Board of Immigration Appeals
(BIA No. A95-467-059)

Immigration Judge: Henry S. Gogin

———————

Submitted under Third Circuit LAR 34.1(a)
October 28, 2008

BEFORE: SLOVITER and GREENBERG, Circuit Judges,
and IRENAS, District Judge*

(Filed: January 6, 2009)

———————

OPINION OF THE COURT

———————

*The Honorable Joseph Irenas, Senior Judge of the United States District Court for the
 District of New Jersey, sitting by designation.

GREENBERG, Circuit Judge.

This matter comes on before this Court on a petition for review brought by Xiu Fang Dong of a decision and order entered March 30, 2007, of the Board of Immigration Appeals ("BIA"). Dong is a citizen of the People's Republic of China from Fujian Province who entered the United States without a valid entry document on June 1, 1998, and currently resides in this country. After her entry into the United States she married and had two children.

On July 11, 2002, the former Immigration and Naturalization Service ("INS") served Dong with a Notice to appear because she had entered the country without a valid entry document. In those initial proceedings, Dong admitted that she was removable as charged but requested asylum, withholding of removal, and protection under the Convention Against Torture by reason of China's family planning policies. Even though the application for asylum was time-barred, the INS acknowledged that it could be considered on the merits because of exceptional circumstances, and an immigration judge ("IJ") did exactly that. But Dong did not obtain relief for, following a hearing on April 9, 2003, the IJ denied her relief by an order dated that day because she had not produced evidence to support a conclusion that she had a well-founded fear of persecution if she was returned to China. Dong appealed from the IJ to the BIA but on May 20, 2004, the BIA affirmed the order and decision of the IJ. Dong did not file a petition for review of the BIA order.

On February 12, 2007, Dong filed a motion to reopen with the BIA. Her

2

application recited that she filed it:

> in light of a <u>change of conditions</u> in China and <u>new facts</u> that are <u>material and crucial</u>, but were <u>previously unavailable</u> to her.  The material and crucial change of conditions in China pertains to the extent and severity of persecutive means employed to enforce the country's Population and Family Planning Laws (PFPL), as evidenced by the 2005 State Department Country Report on China.  As a result of the change of conditions, time limitations do not bar [Dong's] motion.

App. at 17 (emphasis in original).

Dong filed numerous documents with her application, seven in the category of "Personal Evidence" and eleven in the category of "Background Information."  The Background information documents were as follows:

1.      Policy statement from the Administrative Office of the National Population and Family Planning Committee;

2.      Changle City Family Planning Q & A Handbook;

3.      Testimony of Mr. John Aird on China's New Family Planning Law, dated September 23, 2002;

4.      The consular information sheet, May 29, 2003;

5.      2004 country report (issued 2/28/2005);

6.      2005 country report (issued 3/8/2006);

7.      Policy letter on the issue of identification of nationality from the Department of Public Security of the People's Republic of China;

8.      Congressional -- Executive Commission on China (2005 Annual Report);

9.      Testimony by Mr. Harry Wu before the Congress on

December 14, 2004;

10.     China shamed by forced abortions, Time Online (2005);

11.     Who Controls the Family, Washingtonpost.com (2005).

On March 30, 2007, the BIA entered a decision and order denying Dong's motion to reopen.  In its decision denying the motion the BIA indicated that the question before it was whether Dong's motion fell within an exception to the 90-day time limit for a motion to reopen.   The BIA then indicated that there would be an exception to the 90-day time limit if the evidence indicated that there had been changed circumstances in China since the time of the April 2003 hearing provided that the changes were material to her claim. The BIA concluded that "the evidence reflects conditions substantially similar to those that existed at the time of her [April 2003] hearing . . . [and] generally confirms a continuation of problems that previously existed."  App. at 3.   This petition for review followed.

The BIA had jurisdiction under 8 C.F.R. § 1003.2(c), and we have jurisdiction pursuant to 8 U.S.C. § 1252.  We review the decision and order of the BIA on an abuse of discretion standard.  See Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004).

In light of our opinion in Zheng v. Attorney General, No. 07-3122, __ F.3d __, 2008 WL 5006072 (3d Cir. Nov. 26, 2008), the BIA's opinion was inadequate because the BIA only discussed one of the background information documents that Dong submitted, the policy statement from the Administrative Office of the National Population

4

and Family Planning Committee, even though eight of the remaining ten documents did not exist in April 9, 2003, at the time of her hearing. The two that did exist on that date were Aird's testimony and the Department of Public Security policy letter but the BIA did not discuss even these two documents. As we indicated in Zheng, an alien moving for a reopening is entitled to have at least some recognition by the BIA that it has considered her submissions in support of her motion.

We recognize that the BIA in this case did recite in its March 30, 2007 decision that in its "recent decision in Matter of C-C-, 23 I & N Dec. 899 (BIA 2006), [it] discussed the most recent United States Department of State's reports and concluded that there was no persuasive evidence that returnees who have children born in the United States face a realistic likelihood of being forced to undergo sterilization upon return to China." App. at 3. While undoubtedly C-C- is significant, C-C- did not mention all of Dong's submissions in this case and thus the BIA's reference to C-C- cannot overcome the problems with its decision in this case. Accordingly, we must remand the matter to the BIA for reconsideration.

We emphasize, of course, that we do not suggest that the BIA reached the wrong result as we only question its methodology in reaching that result. On remand it again might conclude that it should deny the motion to reopen and then do so. Finally, we point out that we recognize and agree with a statement the respondent makes in his brief to the end that we do not have jurisdiction to review the BIA's decision and order of May 20,

5

2004. We are not making such a review as we address only the proceedings on the motion to reopen that the BIA denied on March 30, 2007.

For the foregoing reasons, we will grant the petition for review, vacate the BIA's order of March 30, 2007, and remand the case to the BIA for further proceedings consistent with this opinion in which it should consider the evidence that Dong presented and in its decision indicate that it has done so.